# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE ANFELDT, individually and on behalf of all those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 15 C 10401 |
| v. | ) ) | Judge Jorge L. Alonso |
| UNITED PARCEL SERVICE, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION ORDER

Plaintiff sues United Parcel Service, Inc. ("UPS") for its alleged violation of Title VII. UPS has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the complaint. For the reasons set forth below, the Court grants the motion.

## Facts

On April 1, 2014, plaintiff started working for UPS, unloading trailers and moving packages. (Compl. ¶¶ 13-14.) In July 2014, UPS moved plaintiff to a position sorting packages. (*Id.* ¶ 15.) The packages she sorted ranged in size, and when she had to move one that was very heavy, she used a machine or asked another employee for help. (*Id.*)

In August 2014, plaintiff learned that she was pregnant. (*Id.* ¶ 16.) She immediately told her supervisor, who assigned her to an area where the packages were small and light until she was able to see her doctor. (*Id.* ¶ 17.)

On September 4, 2014, plaintiff saw her doctor, who gave her a lifting restriction of twenty-five to thirty pounds because of her pregnancy. (*Id.* ¶ 19.) The next day, plaintiff told her supervisor about the restriction. (*Id.* ¶ 20.) At the time, UPS' policy was to provide employees with

"light duty accommodations . . . [only] when restrictions were imposed (1) as a result of on-the-job injuries, (2) for drivers as a result of their ADA-qualifying disabilities, and (3) for drivers who do not pass the DPT commercial drivers license examination." (*Id.* ¶ 24.) Because plaintiff did not fit into any of those categories, her supervisor told her he could not give her a light duty assignment and terminated her. (*Id.* ¶ 22.)

On January 1, 2015, "in response to burgeoning state law protections across the nation for pregnant workers, and guidance from the EEOC regarding pregnancy-related accommodations, UPS amended its nationwide light duty policies to add the following: Light duty work will be provided as an accommodation to pregnant employees with lifting or other physical restrictions to the same extent as such work is available as an accommodation to employees with similar restrictions resulting from on-the-job injuries." (*Id.* ¶ 25.) Pursuant to this new policy, plaintiff was reinstated to light-duty work at UPS in mid-January, 2015. (*Id.* ¶ 26.) However, UPS did not give her any compensation for the months she was out of work. (*Id.* ¶ 27.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

In the sole count of the complaint, plaintiff alleges that UPS' pre-2015 policy had a disparate impact on employees with pregnancy-related work restrictions. (*Id.* ¶ 42.) She does not, however, allege any facts in support of that allegation, which *Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014) holds is fatal to her claim. The plaintiffs in *Adams* alleged, among other things, that the City of Indianapolis' police officer and firefighter promotion tests had a disparate impact on African Americans. *Id.* at 723. The district court granted the City's motion for judgment on the pleadings on the disparate impact claims, and plaintiffs appealed. The Seventh Circuit affirmed, saying:

> [W]e agree that the amended complaint fails to state plausible claims for disparate impact . . . . For all its heft, the amended complaint alludes to disparate impact in wholly conclusory terms. In several places the complaint uses the words "disproportionate" and "impermissible impact" and other synonyms, but those are bare legal conclusions, not facts. We reiterate that "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. Moreover, "[t]his is a complex discrimination claim, and we have observed that under *Iqbal and Twombly*, '[t]he required level of factual specificity rises with the complexity of the claim.'" *McReynolds*, 694 F.3d at 887 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616-17 (7th Cir. 2011)).
>
> In a complex disparate-impact case like this one, we would expect to see some factual content in the complaint tending to show that the City's testing process, or some particular part of it, caused a relevant and statistically significant disparity between black and white applicants for promotion. The amended complaint contains no factual allegations of this sort. . . . The far more serious problem is the complete lack of factual content directed at disparate-impact liability. There are no allegations about the number of applicants and the racial makeup of the applicant pool as compared to the candidates promoted or as compared to the police or fire department as a whole. There are no allegations about the racial makeup of the relevant workforce in the Indianapolis metropolitan area or the supervisory ranks in the police and fire departments. There are no factual allegations tending to show a causal link between the challenged testing protocols and a statistically significant racial

3

> imbalance in the ranks of sergeant, lieutenant, or captain in the police department or battalion chief, lieutenant, or captain in the fire department.
>
> Disparate-impact plaintiffs are permitted to rely on a variety of statistical methods and comparisons to support their claims. At the pleading stage, some basic allegations of this sort will suffice. But the amended complaint contains no allegations of the kind, nor any other factual material to move the disparate-impact claims over the plausibility threshold. Accordingly, these claims were properly dismissed on the pleadings.

*Id.* at 733; *see Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2523 (2015) ("A plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact.").

Plaintiff contends that *Adams* is inapposite because, unlike she, the plaintiffs in that case did not identify the part of the testing process that caused the alleged disparate impact. (Pl.'s Resp. Mot. Dismiss at 7.) However, "the far more serious problem" with the *Adams* complaint, the Seventh Circuit said, is one that plaintiff's complaint shares – "[a] complete lack of factual content directed at disparate-impact liability," *i.e.*, "allegations tending to show a causal link between the challenged . . . [practice] and a statistically significant . . . imbalance" in the number of employees denied light duty because of pregnancy rather than another condition. *Adams*, 742 F.3d at 733. In short, *Adams*, which the Seventh Circuit declined to rehear *en banc* and this Court is required to follow, teaches that plaintiff's complaint is too light on facts to "nudge[] her [disparate impact] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, the Court grants UPS' motion.

4

## Conclusion

For the reasons set forth above, the Court grants UPS' motion to dismiss [13] and dismisses the complaint without prejudice. Plaintiff has until April 4, 2016 to file an amended complaint, if she can do so and comply with Rule 11. If she fails to do so, the Court will dismiss this suit with prejudice.

**SO ORDERED.**                      **ENTERED: March 17, 2016**

                                     _____
                                     **HON. JORGE L. ALONSO**
                                     **United States District Judge**