IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMIE ANFELDT, individually and on behalf of all those similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 15 C 10401 |
| UNITED PARCEL SERVICE, INC., | ) ) Judge Jorge L. Alonso |
| Defendant. | ) ) |

## MEMORANDUM OPINION ORDER

Plaintiff Jamie Anfeldt has filed a two-count amended complaint [22] against United Parcel Service, Inc. ("UPS") for its alleged violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §2000e *et seq.* ("Title VII"). Before the Court is defendant's motion to dismiss [26] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set out below, UPS's motion is granted.

## BACKGROUND

Plaintiff challenges a pre-2015 UPS policy that allegedly denied pregnant women light-duty accommodations in violation of Title VII. On April 1, 2014, plaintiff began working for UPS. (Am. Compl. ¶ 16.) After becoming pregnant in August 2014, plaintiff's doctor gave her a twenty-five-pound to thirty-pound lifting restriction. (*Id.* ¶¶ 19, 22.) At the time, UPS's policy was to approve "light duty accommodations . . . [only] when restrictions were imposed (1) as a result of on-the-job injuries, (2) for employees as a result of their ADA-qualifying disabilities, and (3) for drivers who, for a variety of reasons, could not continue to drive for UPS." (*Id.* ¶ 27.) Because plaintiff's pregnancy was not a work-related injury, her supervisor was unable to provide her with a light-duty assignment and her employment was terminated in September

2014. (*Id*. ¶¶ 24-26.) In January 2015, UPS amended its nationwide light-duty policies to add a provision affording light duty to pregnant workers. (*Id*. ¶ 33.) UPS reinstated plaintiff to light-duty work in January 2015. (*Id.* ¶ 35.) UPS has not provided plaintiff with back pay for the few months she was out of work. (*Id*. ¶ 36.)

In November 2015, plaintiff filed a one-count complaint [1] alleging that UPS's pre-2015 policy had a disparate impact on employees with pregnancy-related work restrictions. (Compl. ¶ 42.) UPS filed a motion to dismiss [13], which the Court granted [21], holding that plaintiff's complaint lacked factual allegations showing a causal link between the challenged practice and a statistically significant imbalance in the number of employees denied light-duty accommodations because of pregnancy rather than another condition as required by *Adams v. City of Indianapolis,* 742 F.3d 720 (7th Cir. 2014). Plaintiff was given leave to file an amended complaint, which she has done. She now alleges disparate impact and disparate treatment because of pregnancy discrimination, and seeks to proceed as a nationwide class action.

## **STANDARD**

"A motion under Rule12 (b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a compliant must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co*., 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). When ruling on a Rule 12(b)(6) motion, the court considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Cohen v. Am. Sec. Ins. Co*., 735 F.3d 601, 604 (7th Cir. 2013) (citing *Geinosky v. City of Chi.*, 675 F.3d 743, 745-46 n.1 (7th Cir. 2012)).

## DISCUSSION

**COUNT I – DISPARATE IMPACT**

Plaintiff alleges disparate impact based on UPS's pre-2015 policies, which she has attached to the amended complaint. (Am. Compl. Exs. D-H.) In addition, plaintiff cites *Young v. United States Parcel Service, Inc*., 135 S. Ct. 1338 (2015) and argues that the facts and evidence therein establish that UPS applied its pre-2015 policy and denied pregnancy-related accommodations at least one other time. (Pl.'s Resp. at 4-5; Am. Compl. ¶¶ 37-40, Exs. I-J.) While plaintiff concedes that she does not possess enough factual information to perform any statistical analysis on the alleged disparate impact, she nevertheless maintains that she has pleaded sufficient facts to allow this Court to conclude that it is plausible that defendant denied accommodations to pregnant women at a statically significantly higher rate than other non-

pregnant employees. (Pl.'s Resp. at 6.) UPS argues that the amended complaint is still defective because there is a complete lack of factual content to support plaintiff's assertion that the pre-2015 policies caused pregnant employees to be denied light-duty accommodations at a significantly higher rate than other non-pregnant employees. (Def.'s Mem. at 1, 4, 7.) Plaintiff responds by arguing if no pregnant applicants were entitled to light-work restrictions, then it is plausible to conclude that non-pregnant employees were provided with the accommodation at a rate statically higher than 0%. (Pl.'s Resp. at 6.)

Plaintiff appears to be arguing that the lack of a promulgated policy permitting light-duty accommodations for pregnant women and the fact that she and the plaintiff in *Young* (who worked for UPS in a different location in 2006) were not so accommodated is sufficient to state a disparate impact claim. It is not. A disparate impact theory of discrimination requires the plaintiff to put forth evidence (facts or statistics) demonstrating that the challenged employment practice has a disproportionately negative effect upon members of the protected class—here, pregnant women. *See Tex. Dep't Hous. Cmty. Affairs v. Inclusive Cmtys. Project, Inc.,* 135 S. Ct. 2507, 2523 (2015) ("A plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact."); *Adams,* 742 F.3d at 733 (affirming the dismissal of disparate impact claim and stating that the amended complaint lacked "factual material to move the disparate-impact claims over the plausibility threshold[]"); *Vitug v. Multistate Tax Comm'n*, 88 F.3d 506, 513 (7th Cir. 1996) ("In order to establish a prima facie case of disparate impact, a plaintiff must first isolate and identify 'the specific employment practices that are allegedly responsible for any *observed* statistical disparities.'") (quoting *Watson v. Fort Worth Bank & Trust,* 487 U.S. 977, 994 (1988) (emphasis added)). Plaintiff has not offered any facts or statistical evidence to

support her contention that zero pregnant employees were accommodated in 2014 or that non-pregnant employees were accommodated at a higher rate. The conclusion that pre-2015 policies caused pregnant employees to be denied light-duty accommodations at a statically significant higher rate than non-pregnant employees is stated as just that; an outcome that is *conceivable,* rather than plausible. Speculative conclusions do not equate to facial plausibility. *Alam*, 709 F.3d at 665-66.

Plaintiff has not alleged any specific facts that show a causal link between UPS's pre-2015 policies and a "statistically significant . . . imbalance" in the number of employees denied light-duty work because of pregnancy rather than another condition. *Adams*, 742 F.3d at 733. Her reliance on a district court decision that pre-dates *Adams* is not persuasive.[1] Because plaintiff has not pleaded factual or statistical content to support the allegation that she and other pregnant women were denied light-duty accommodations at a statistically higher rate than non-pregnant employees, her disparate impact claim fails. Accordingly, Count I of plaintiff's amended complaint is dismissed. The Court notes that the parties have engaged in class discovery subsequent to the filing of the amended complaint. Plaintiff is given a final opportunity to replead this count in the event that the class-based discovery has provided her with additional facts on which to rely.[2]

---

[1] Plaintiff relies on *McQueen v. City of Chicago,* 803 F. Supp. 2d 892, 906 (N.D. Ill. 2011), in which the court denied defendants' motion to dismiss, holding that plaintiffs did not need to "allege percentages, statistics, or data demonstrating the disproportionate effect of facially neutral employment policies on a protected group" in order to state a claim for disparate impact. The Court has not required and does not require Anfeldt to assert statistics in order to survive the pleading stage. The plaintiffs in *McQueen* provided in their complaint several examples of employees outside the protected class who had been treated more favorably than those in it. *See* Case No. 09 C 2048, Dkt. 71 ¶¶ 52-60, 64-79. Plaintiff here has not done likewise.

[2] Plaintiff asserts that there are "likely additional facts not specifically detailed in the First Amended Complaint" that will likely be developed during discovery, including the number of light-duty accommodation denials, pregnant women who sought light-duty accommodations, and non-pregnant employees who sought light-duty accommodations for any reason. (Am. Compl. ¶ 4.)

**COUNT II – DISPARATE TREATMENT**

Plaintiff alleges that because her disparate impact and disparate treatment claims both originate from, and are based on, the same operative facts contained in the EEOC charge, she has therefore successfully exhausted the prerequisite administrative remedies before filing suit. (Pl.'s Resp. at 8; Am. Compl. ¶¶ 67-89.) UPS counters by arguing that the disparate impact and disparate treatment claims are fundamentally different theories of recovery, and pleading disparate impact does not satisfy the administrative exhaustion requirement for the disparate treatment claim. (Def.'s Mem. at 9.) Plaintiff responds that the facts underlying the two counts are substantively similar and because the charges are related, the administrative remedies for both claims have been properly exhausted. (Pl.'s Resp. at 8-10.)

A party seeking redress under Title VII must first exhaust her administrative remedies by filing of a charge of discrimination with the EEOC and receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); *Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005). When reviewing the scope of an EEOC charge, the Court applies a "liberal standard," and will "allow claims reasonably related to and growing out of the allegations in the EEOC charge to proceed." *Martin v. F.E. Moran Inc.*, 13 C 3526, 2014 WL 5421021, at *4 (N.D. Ill. Oct 24, 2014) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013)). Additional claims have been found to be "reasonably related" where "the allegations in the complaint describe the same conduct and implicate the same individuals as those in the EEOC charge." *Aldridge v. Lake Cty. Sheriff's Office*, No. 11 C 3041, 2013 WL 4080651, at *4 (N.D. Ill. Aug. 13, 2013). Though the Court agrees that Count II of plaintiff's amended complaint is reasonably related to her EEOC charge and has thus been successfully exhausted, this claim fails for another reason.

In order to allege "that the denial of an accommodation constitute[s] disparate treatment", a plaintiff must show "that she belongs to the protected class, that she sought accommodation, that the employer did not accommodate her, and that the employer did accommodate others similar in their ability or inability to work." *Young,* 135 S. Ct. at 1354. It is undisputed that plaintiff meets the first three requirements. However, the Court finds that plaintiff has not sufficiently alleged that UPS accommodated others similar in their ability or inability to work. Plaintiff asserts that based on her "experience and the evidence adduced in *Young,* it is likely that Defendant provided an accommodation to a large percentage of similarly situated non-pregnant employees, while failing to accommodate a large percentage of pregnant workers." (Am. Compl. ¶ 85.) The Court in *Young* noted that the plaintiff had presented facts that, if true, showed "that UPS accommodate[d] most nonpregnant employees with lifting limitations while categorically failing to accommodate pregnant employees with lifting limitations." 135 S. Ct. at 1354. That is not the case here. Plaintiff has alleged it is *conceivable* that defendant accommodated similarly-situated non-pregnant employees, but has not sufficiently alleged that it *actually* did so. Accordingly, plaintiff's disparate treatment claim also fails.

## CONCLUSION

For the reasons set forth above, UPS's motion to dismiss [26] is granted. Plaintiff is given a final opportunity until March 24, 2017 to amend her complaint. The status hearing set for March 8, 2017 is stricken and reset to March 29, 2017 at 9:30 a.m.

**SO ORDERED.**                                          **ENTERED: March 3, 2017**

                                                                                                **JORGE L. ALONSO**
                                                                                                **United States District Judge**